OLSHAN FROME WOLOSKY LLP
Park Avenue Tower
65 East 55th Street
New York, New York 10022
Telephone: 212.451.2300
Michael S. Fox
Jordanna L. Nadritch
Matteo J. Rosselli

Hearing Date: October 7, 2014, 10:00am
Objection Date: September 30, 2014 at 4:00 pm

*Attorneys for Rhonda Masquat, as the representative of a class of plaintiffs*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>OLD CARCO LLC<br>(f/k/a Chrysler LLC), *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 09-50002 (SMB)<br><br>(Jointly Administered) |
| TRW AUTOMOTIVE US, LLC and<br>TRW AUTOMOTIVE HOLDINGS CORP.,<br><br>Plaintiffs,<br><br>-v-<br><br>OLD CARCO LIQUIDATION TRUST,<br><br>Defendant. | Adv. Pro. No. 14-02055 (SMB) |

**RHONDA MASQUAT'S MOTION TO INTERVENE PURSUANT TO RULE 7024**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
<u>**AND SECTION 1109(b) OF THE BANKRUPTCY CODE**</u>

2770064-5

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

Rhonda Masquat, as representative of a class of plaintiffs ("Masquat"), submits this motion to intervene as a defendant in the above-captioned adversary proceeding pursuant to Rule 7024 of the Federal Rules of Bankruptcy Procedure, and states as follows:

**INTRODUCTION**

In October 2013, Masquat obtained summary judgment against nominal defendant Old Carco LLC f//k/a Chrysler LLC (the "Debtor" or "Old Chrysler") in an Oklahoma state court action related to defective steering systems in Old Chrysler's vehicles. Old Chrysler, in turn, has assigned its claims against the manufacturer of those defective steering systems, TRW Automotive, Inc. and its affiliates ("TRW"), to Masquat. On June 18, 2014, Masquat filed a declaratory judgment action in the United States District Court for the Western District of Oklahoma (the "Oklahoma Declaratory Judgment Action") in order to obtain a declaration that TRW is obligated to indemnify Old Chrysler for the judgment obtained by Masquat, and that Masquat is entitled to enforce said indemnification.

TRW responded to the Oklahoma Declaratory Judgment Action by initiating this Adversary Proceeding in Bankruptcy Court. TRW now seeks a declaration that a certain cure agreement "extinguished the indemnity claim asserted by Masquat" in the Oklahoma Declaratory Judgment Action. Despite the focus of this Adversary Proceeding on claims asserted by Masquat in the Oklahoma Declaratory Judgment Action, Masquat has inexplicably not been named as a defendant in this proceeding by TRW. At the request of TRW, the Oklahoma Declaratory Judgment Action has been stayed, so that threshold issues can be addressed in this Adversary Proceeding. Accordingly, in order for Masquat to be heard regarding the claims that have given rise to this Adversary Proceeding, she should be permitted to intervene here as a

2

defendant pursuant to Section 1109(b) of the Bankruptcy Code and Rule 7024 of the Bankruptcy Rules.

Given Masquat's interest as an assignee of the subject matter of this Adversary Proceeding—the very claims Masquat has asserted in the Oklahoma Declaratory Judgment Action—she easily meets the requirements for intervention. Indeed, Masquat has the greatest pecuniary interest in rights that TRW now asks this Court to judicially extinguish.

## RELEVANT BACKGROUND

1. Masquat is the plaintiff of a duly certified class in the Oklahoma District Court of Pottawatomie County in an action (the "Litigation") relating to defective parts in vehicles sold to Plaintiffs by the Debtor DaimlerChrysler Corporation (the "Debtor" or "DaimlerChrysler"). TRW was the manufacturer of those defective parts.

2. On October 2, 2013, the District Court for Pottawatomie County, Oklahoma, Case No. CJ-OS-106 (the "Oklahoma Class Action") entered findings of fact and conclusions of law granting summary judgment against the nominal Chrysler defendant for breaches of express and implied warranty.

3. On June 4, 2014, the Trust and Rhonda Masquat, as the representative of a class of plaintiffs (the "Masquat Class"), entered into an Assignment of Claims (the "Assignment"), whereby Old Chrysler transferred any right, title, and interest held by Old Chrysler in and to each of its claims against TRW with regard to and related to the claims of the Masquat Class in the action brought in the Oklahoma Class Action.

4. On June 18, 2014, Masquat filed a Complaint in the United States District Court for the Western District of Oklahoma, seeking an order that TRW and its affiliates are obligated to indemnify Old Chrysler for the judgment obtained by Masquat against Old Chrysler in the

Oklahoma class action and that Masquat is entitled to enforce said indemnification. *Masquat v. TRW Automotive US, LLC et al.*, Case No. 5:14-cv-00638-HE.

5. On July 24, 2014, TRW filed an Adversary Complaint against the Old Carco Liquidation Trust (the "Trust") in this Court, seeking, among other things, a declaration that the terms of a certain cure agreement (the "Cure Agreement") entered into by Old Chrysler and Chrysler Group LLC ("New Chrysler") "extinguished the indemnity claim asserted by Masquat." Adv. Compl. Intro. Despite asking this Court to adjudicate the rights of Masquat with respect to claims that are the subject of a Declaratory Judgment Action in another forum, TRW did not name Masquat as a defendant in its Adversary Complaint.

6. On August 13, 2014, counsel to the Trust indicated to Masquat by letter that:

> [T]he Liquidation Trust, in responding to the complaint and otherwise participating in the Adversary Proceeding, will take whatever positions it deems to be appropriate with respect to its own interests. **Such positions may or may not be aligned with the positions and interests of the Masquat Class**. Accordingly, as we also have discussed, the Masquat Class may wish to consider its independent options for how it might appear and be heard on its own behalf in the Adversary Proceeding.

A copy of this August 13, 2014 letter is annexed hereto as **Exhibit A** (emphasis added).

7. On September 3, 2014, the Oklahoma Declaratory Judgment Action was stayed in favor of this action. According to the Oklahoma federal court, resolution of this Adversary Proceeding is "a critical first step in any ultimate determination by" the Oklahoma federal court. A copy of that Court's Order is annexed hereto as **Exhibit B**.

## RELIEF REQUESTED

8. Masquat now seeks to intervene as a defendant in the Adversary Proceeding, pursuant to Section 1109(b) of the Bankruptcy Code and Rule 7024 of the Bankruptcy Rules.

## MASQUAT'S MOTION TO INTERVENE IN THIS ADVERSARY PROCEEDING SHOULD BE GRANTED, AS MASQUAT SATISFIES THE REQUIREMENTS TO INTERVENE

9. Masquat has an unconditional right to appear and be heard under Section 1109(b) of the Bankruptcy Code, which provides that a "party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

10. Bankruptcy Rule 7024, which incorporates by reference Rule 24 of the Federal Rules of Civil Procedure (the "Federal Rules"), provides the mechanism through which Masquat can exercise her right to be heard.

11. Masquat is entitled to intervene as of right under Rule 24(a):

> On timely motion, the court **must** permit anyone to intervene who . . . . (2) **claims an interest relating to the property or transaction that is the subject of the action**, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a) (emphasis added).

12. TRW is asking this Court to issue a declaration that the Cure Agreement "extinguished the indemnity claim asserted by Masquat" in the Oklahoma Declaratory Judgment Action. Thus, Masquat has "an interest relating to the property or transaction that this is the subject of this action," thereby qualifying to intervene as of right.

13. Masquat also qualifies for permissive intervention under Rule 24(b):

> On timely motion, the court **may** permit anyone to intervene who . . . . **has a claim or defense that shares with the main action a common question of law or fact**.

Fed. R. Civ. P. 24(a) (emphasis added).

5

14. Here, TRW's indemnification obligations to Old Chrysler are the subject of both this Adversary Proceeding and the Oklahoma Declaratory Judgment Action brought by Masquat. So that Masquat, the assignee of said claims, can be fully heard, Masquat should be permitted to intervene in this action.

15. Masquat cannot rely upon the Trust to protect her rights, since the Trust has already indicated that its "positions may or may not be aligned with the positions and interests of the Masquat Class." See Ex. A.

16. Intervention is especially appropriate given that Masquat's attorneys in the Oklahoma proceedings have an ongoing fiduciary duty in their role as class counsel for a certified class with approximately two million members who were purchasers of defective steering systems.

## CONCLUSION

For all of the foregoing reasons, Masquat respectfully requests that the Court grant her Motion to Intervene.

Dated: New York, New York
September 16, 2014

OLSHAN FROME WOLOSKY LLP

By:   /s/ Michael S. Fox
Michael S. Fox
Jordanna L. Nadritch
Matteo J. Rosselli
Park Avenue Tower
65 East 55th Street
New York, New York 10022
212.451.2300

2770064-5

Associated Counsel:

Terry W. West, Esquire
Bradley C. West, Esquire
THE WEST LAW FIRM
124 Highland - P.O. Box 698
Shawnee, Oklahoma 74802-0698
405.275.0040


R. Douglas Gentile, Esquire
DOUTHIT, FRETS, ROUSE, GENTILE & RHODES
5250 W. 116th Place, Suite 400
Leawood, Kansas 66211
913.387.1600


T. Christopher Tuck, Esquire
RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC
1037 Chuck Dawley Boulevard, Building A
Mount Pleasant, South Carolina 29464
843.727.6500


ATTORNEYS FOR RESPONDENT-PLAINTIFF
RHONDA MASQUAT

# **EXHIBIT A**

August 13, 2014 Letter

2770064-5

# JONES DAY

1420 PEACHTREE STREET, N.E. • SUITE 800 • ATLANTA, GEORGIA 30309.3053

TELEPHONE: +1.404.581.3939 • FACSIMILE: +1.404.581.8330

Direct Number: (404) 581-8353
bjberlin@JonesDay.com

JP001263:sls
644874-600007                              August 13, 2014


VIA E-MAIL (jnadritch@olshanlaw.com)

Jordanna L. Nadritch, Esq.
OLSHAN FROME WOLOSKY LLP
Park Avenue Tower
65 East 55th Street
New York, NY  10022

      Re:   *TRW Automotive U.S. LLC, et al. v. Old Carco Liquidation Trust*,
            Adv. Pro. 14-02055-smb, Bankr. S.D.N.Y.

Dear Jordanna:

      I am writing to you as counsel to Old Carco Liquidation Trust (the "Liquidation Trust") in connection with the above-referenced adversary proceeding (the "Adversary Proceeding").

      The Liquidation Trust has determined to answer or otherwise respond, on its own behalf, to the complaint in the Adversary Proceeding, and thus the Liquidation Trust is not tendering that responsibility to the "Masquat Class," as such term is defined in that certain Assignment of Claims, dated as of June 4, 2014, between the Liquidation Trust, as Assignor, and Rhonda Masquat, on behalf of the Masquat Class, as Assignee (the "Assignment").

      Pursuant to Sections 4 and 5 of the Assignment, the Liquidation Trust hereby makes demand upon the Masquat Class to be indemnified for and held "harmless against any loss, cost or expense sustained or incurred by the [Liquidation Trust]" in connection with the Adversary Proceeding. Without limiting the foregoing, the Liquidation Trust specifically makes demand for reimbursement of its attorneys' fees, attorneys' expenses and any court costs and other costs incurred in connection with the Adversary Proceeding. Please contact me to discuss a procedure for implementing such indemnity and reimbursement.

      As I have indicated in recent discussions with you, the Liquidation Trust, in responding to the complaint and otherwise participating in the Adversary Proceeding, will take whatever positions it deems to be appropriate with respect to its own interests. Such positions may or may

ATI-2615867v2

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MOSCOW • MUNICH • NEW YORK • PARIS • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

**JONES DAY**

Jordanna L. Nadritch, Esq.
August 13, 2014
Page 2

not be aligned with the positions and interests of the Masquat Class. Accordingly, as we also have discussed, the Masquat Class may wish to consider its independent options for how it might appear and be heard on its own behalf in the Adversary Proceeding.

Sincerely,

Brett J. Berlin

cc: Mr. Robert J. Manzo
    Jeffrey B. Ellman, Esq.

ATI-2615867v2

## **EXHIBIT B**

September 3, 2014 Court Order

2770064-5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RHONDA MASQUAT, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRW AUTOMOTIVE US, LLC; TRW AUTOMOTIVE HOLDINGS CORP.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)    Case Number CIV-14-638-C<br>)<br>)<br>)<br>)<br>) |

**<u>ORDER</u>**

In 2005 Plaintiffs filed a lawsuit against DaimlerChrysler Corp., "Old Chrysler," in Oklahoma state court, alleging that certain models of Old Chrysler's vehicles manufactured from 1993 through 2001 included a defective steering system. In 2009, acting through the Old Carco Liquidation Trust, Old Chrysler filed bankruptcy. The bankruptcy court approved a process by which Old Chrysler was required to identify which of its ongoing supply contracts it proposed to assume and assign to New Chrysler. As part of this process, Old Chrysler entered into a number of "cure agreements" to resolve conflicts and objections between the suppliers. Of particular import here was a notice of assumption and assignment of certain contracts and cure costs related thereto, in which Old Chrysler indicated its intention to assume and assign certain contracts, including those with Defendant TRW. Plaintiffs sought relief from the bankruptcy court. In January of 2010, the bankruptcy court entered a stipulation and agreed order, through which Plaintiffs waived any claim against the bankruptcy estate but were permitted to pursue recovery from any insurer with respect to any

applicable insurance policy. Relying on this stipulated order, Plaintiffs filed the current declaratory judgment action in this Court. Here, Plaintiffs seek a declaration that TRW was liable to Old Chrysler for indemnity and therefore they could recover against TRW as an insurer. Plaintiffs, relying on the stipulated order from the bankruptcy court, an assignment from Old Chrysler, and a default order entered on their summary judgment motion in the state court, argue they have a valid claim against Defendants.

Defendants objected to the purported assignment in the bankruptcy court, and requested that court enter a declaration that the assignment is invalid and of no effect. Here, Defendants argue that permitting the bankruptcy court to make a determination regarding the effect of the purported assignment would serve judicial economy and clarify the issues before the Court. To that end, Defendants request the Court stay these proceedings until such time as the bankruptcy court has issued a ruling.

"It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.'" Pet Milk Co. v. Ritter, 323 F.2d 586, 588 (10th Cir. 1963) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). After consideration of the parties' arguments and briefs and the supporting documentation, the Court finds that a stay is warranted. First, the Court notes that Plaintiffs' claims of prejudice regarding any delay here lack any underlying factual support. These proceedings have been ongoing for a number of years already and the brief delay anticipated here would have no significant impact. Second, if, as Plaintiffs suggest, the bankruptcy court has already made rulings

narrowing a number of the issues, final resolution of the dispute in that court should be a relatively straightforward matter. Finally, a determination by the bankruptcy court is necessary before any decision of this Court could have final effect. If, in fact, the claims could not be assigned by the trust, then Plaintiffs would have no claim to pursue against TRW in this action. Thus, the bankruptcy court's decision is a critical first step in any ultimate determination by this Court as to whether TRW falls within the scope of the insurer clause which would permit Plaintiffs' claims to proceed against it.

For the reasons set forth herein, Defendants' Motion to Stay (Dkt. No. 14) is GRANTED. This matter is stayed pending a final determination by the bankruptcy court of TRW's action for declaratory judgment. This matter will be administratively closed pending resolution of that decision. Upon a final determination by the bankruptcy court, either party may move within 30 days to have the case reopened for further proceedings.

IT IS SO ORDERED this 3rd day of September, 2014.

_____
ROBIN J. CAUTHRON
United States District Judge